927 So.2d 1190 (2006)
Joseph A. ALMERICO
v.
Peter L. DALE, Chief of Police, City of Harahan, Harahan Police Department and the City of Harahan.
No. 05-CA-861.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2006.
Rehearing Denied April 24, 2006.
*1191 Brandon J. Venegas, Metairie, Louisiana, for Plaintiff/Appellant.
Thomas P. Anzelmo, Sr., Kyle P. Kirsch, Andre J. Lagarde, McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Plaintiff/appellant, Joseph Almerico, appeals a portion of a judgment of the district court granting partial declaratory relief, ordering an Independent Medical Examination, and granting a Motion for Production of Medical Records.
On March 7, 2005, Almerico filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction, Declaratory Judgment and Damages against Peter L. Dale, Chief of Police for *1192 the City of Harahan, the Harahan Police Department, and the City of Harahan. Almerico, a captain in the police department, alleged that he had been an officer there since 1992. In August, 2004, he began sick leave for a work-related adjustment disorder, as diagnosed by his psychiatrist. During the sick leave, Almerico alleges that he complied with Civil Service Rules by providing a doctor's certificate. On September 30, 2004, Dale "decommissioned" Almerico for alleged safety reasons. On December 30, 2004, Dale issued a General Order addressing sick leave directed to his department and enumerating ten special regulations. Numerous conditions were set in the General Order. Included were orders that: (1) The employee is required to provide medical documentation for sick leave over nine days per calendar year; (2) The employee is to provide documentation within seven days of returning to work; (3) The employee cannot remain on sick leave if able to return to work due to the fact that he is unable to see a physician in a timely manner; (4) Until the employee completes one tour of duty, he is confined to his residence while on sick leave; (5) An employee could not leave home except to seek medical care, obtain medication, purchase food or necessities, or for any hospital stay; (6) Employees were to inform the department dispatcher whenever they left their residence as well as when they return home; (7) The employee is restricted from outside employment while on sick leave; (8) The chief has the right to order medical documentation at any time irrespective to the number of days or number of times the employee has been absent; (9) The employee shall immediately notify the chief of any emotional illness which may then result in decommissioning, and could restrict the employee from carrying a firearm, as well as from using any departmental equipment; and (10) The chief has the right to order any employee to any physician of his or her choice, for a full medical review and examination of the employee's illness.
Almerico alleged he was the only employee to whom this order applied as he was the only person on sick leave when the order was issued. In January 2005, Dale wrote to Almerico instructing him to submit payroll forms dating back to August 2004. Almerico's attorney wrote to Dale protesting these actions. On February 11, 2005, Dale instructed the City of Harahan to not pay Almerico. On February 18, 2005, Dale wrote a letter to Almerico enclosing a copy of the General Order and ordering Almerico to be examined by Dr. Howard Osofsky, a psychiatrist, bringing with him his medical records.
In the petition, Almerico sought an order restraining Dale from implementing the General Order. A temporary restraining order was denied and a hearing set on the preliminary injunction. Almerico subsequently amended his petition to dismiss the injunction and sought only a declaratory judgment declaring that the General Order with respect to sick leave was null and void as violative of LSA-R.S. 33:2557.
Almerico was terminated on May 4, 2005, for disobeying the February 18, 2005 order regarding a medical exam. On June 9, 2005, the district court issued a judgment which declared most portions of the General Order to be without effect, except for items 1, 8, and 10. The court found that those items were consistent with enforcement of Civil Service Board Rules, and ordered Almerico to authorize production of his medical records under seal, including notes, to the independent psychiatrist, and to submit to an examination. Almerico appeals.
On appeal, Almerico contends that the court erred in upholding those portions of the General Order which required him to see a physician of Dale's choice and release medical information. He urges that the *1193 Civil Service Board, not Dale, has the right to promulgate sick leave rules. Almerico further contends that the rules were retaliatory against him, alone, and that he was entitled to know the civil service rules governing sick leave at the time leave began, as such rules are protection against targeted political discrimination.
The only issue before us on appeal is the declaratory judgment insofar as it orders Almerico to see an independent medical examiner and produce his medical records to such physician. LSA-R.S. 33:2531, et al, "The Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts," is applicable here. The civil service board created in LSA-R.S. 33:2536 has the duty, among other things, to provide rules for leave of absence. LSA-R.S. 33:2557 provides:
The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority.
The trial court found the applicable rule of the Harahan Civil Service Board is Rule IX, Section 3(B):
Should any illness last longer than three (3) days, the employee is required to submit a doctor's certificate if requested by the chief indicating the illness or condition which justified his absence, as well as the probable duration of the illness. For failure to produce a doctor's certificate for any illness over three (3) days, the employee will be classified as `Absent without Leave and Pay.'
The court found that LSA-R.S. 33:2557 and Rule IX, Section 3(B) support permitting the Chief to obtain further proof of Almerico's illness, that is, an IME (Independent Medical Examination) as noted in items 1, 8, and 10 of the General Order:
The court finds that the appointing authority is entitled to know whether the sick leave applicant is indeed sick. Proof of his illness, such as the doctor's certificate, is already required in the rules adopted by the Board, as are follow-up evaluations. See C.C.P. art. 1542[sic] (permitting mental examinations and requests for release of medical records). Here, where the issue is Almerico's alleged, unresolved illness, an IME is a reasonable safeguard to give the statute and rule effect. An IME coupled with an order to produce medical history records and notes will prevent the absurd result of interpreting the Board's rule to allow a doctor to review only short-term employee illnesses. The court finds that the IME ordered here places no additional burden on the plaintiff beyond the current Board rule and provides maximum confidentiality for the mental health records by requiring that the sealed record go directly to the IME physician. It is not overly onerous for plaintiff to consult a different physician on one or two occasions and to produce records and notes under seal.
In the absence of a Louisiana Code of Civil Procedure article numbered 1542, we presume a typographical error and that the court intended to refer to LSA-C.C.P. art. 1421, which deals with discovery methods and is, thus, inapplicable to a matter not yet the subject of a civil lawsuit.
LSA-R.S. 33:2557 clearly gives the right and duty of establishment of leave *1194 policies to the Board and leave is to be as set forth in the rules adopted by the Fire and Police Civil Service Board.[1] Although the Civil Service Board has exclusive authority to provide for the amount of annual and sick leave for fire and police personnel, this does not extend to control over when such leave is taken. This control is within the powers and duties of the chief to recommend leave for his personnel.[2] The governing authority cannot revoke or impair the inherent power of an elected chief of police.[3]
Under LSA-R.S. 33:2560, the appointing authority may remove any employee from civil service or take such disciplinary action as the circumstances warrant, on the development of any defect or physical condition which precludes the employee from properly performing the duties of his position, or the development of any physical condition that may endanger the health or lives of fellow employees. Under LSA-R.S. 33:423, the chief shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. To accomplish these ends, the chief of police has the responsibility to ascertain the fitness of any employee for duty, the possible development of any condition which precludes him from properly performing his duties, and to make appropriate recommendations to the board.
After examination of the present facts, we find that the requirements in question are encompassed within the chief's day-to day authority. The Harahan Civil Service Rules grant discretion to the chief in determining the authenticity of an employee's illness. Rule XI, Section 3(B) continues: "Should any employee of the classified service frequently or consistently absent himself before or after his scheduled days off or at any other time, he will be required to submit a doctor's certificate should the absence be for only one (1) day, if requested by the chief."
As the trial court found, the appointing authority, here the mayor and board of aldermen, have a right to know if any employee is indeed sick, and the board has required proof of such illness in its requirement of a doctor's certificate. The appointing authority is clearly entitled to know whether the employee's illness impacts his ability to perform his job. Here, the chief has determined the frequency of the need for medical certificates in order to insure the fitness of his employees, and, if necessary, to make recommendations to the mayor and board of aldermen in keeping with LSA-R.S. 33:423 and 33:2560. We agree with the trial court that an independent medical examination is a reasonable safeguard, and we find nothing in the rules that precludes such examination. Long term illnesses may well require periodic updates to employers, and, as stated above, the employer is clearly entitled to know whether such illness impacts an employee's ability to perform his job. The chief's order does not place a more stringent obligation on Almerico; rather, it implements the chief's right to obtain a medical certificate in accordance with the rules. Such is embodied in the judgment, which states that the IME psychiatrist:
[S]hall conduct his own assessment of petitioner and his history on the limited *1195 issues of the onset of any illness and his current and future fitness for work and provide a written confidential evaluation to counsel for petitioner and defendants.... counsel shall neither copy, distribute nor publish the evaluation or any other materials relating to petitioner's employment.
The chief's order to report to an IME and produce medical records is not in conflict with the Civil Service Board's right to regulate sick leave, or its rules. For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
DALEY, J., dissents with reasons.
DALEY, J., dissents with reasons:
I respectfully dissent from the majority ruling in this matter because in my view the authority to pass regulations regarding sick leave for the Harahan Police Department falls solely under the purview of the Harahan Municipal Fire and Police Civil Service Board (the Board).
LSA-R.S. 33:2557 states that the Board shall adopt rules to provide for sick leave. Although the case law interpreting this statute allows the appointing authority to regulate the manner in which sick leave may be taken, there is no law which provides Chief Dale with the authority to pass specific rules regarding sick leave including the requirement that the sick employee undergo examination by a physician of the Chief's choosing. In promulgating General Order Number 0014-04, the appointing authority, Chief Dale, violated R.S. 33:2557. In Attorney General Opinion 78-622, the Attorney General was asked to answer a question nearly identical to the one before us. The Attorney General clearly stated that the Board "and not the municipalities have the authority to regulate requirements for sick leave for municipalities of 7,000 to 250,000 population." The Attorney General repeated this position in Attorney General Opinion 92-767 stating that the Board "has the exclusive authority to adopt rules and regulations relative to the vacation and/or sick leave of fire and police personnel."
While I recognize that R.S. 33:2560 gives the appointing authority, Chief Dale in this case, the authority to discharge police personnel, there is no statutory authority allowing Chief Dale to promulgate rules and conditions regarding sick leave. As stated by the trial court in its reasons for Judgment, "The Civil Service Board in its controlling rules has addressed sick leave issues such as notice, documentation, and medical evaluation." The trial court and the majority opinion allow an expansion of those sick leave rules by Chief Dale while acknowledging that the Board has exclusive authority to promulgate sick leave rules. I find those two positions irreconcilable. Accordingly, in my view, only the Board had the authority to promulgate rules and regulations regarding sick leave and Chief Dale was without authority to issue or enforce General Order Number 0014-04 without first having the Board adopt the amended rules. I find the trial court erred in allowing any portion of this order to stand and would reverse the trial court judgment.
NOTES
[1] See, Op. Att'y Gen., No. 03-202 (June 12, 2003).
[2] See, Op. Att'y Gen., No. 03-202A (September 11, 2003).
[3] See, Op. Att'y Gen., No. 02-361 (Oct. 18, 2002).